Good morning, Your Honors. I would like to reserve two minutes of my time. My name is Stephanie Adraktis, and I represent the petitioner Alamin Samad. This Court should reverse the District Court's order dismissing Mr. Samad's habeas corpus petition because that petition was timely filed. Given appropriate statutory tolling, the petition was filed with 24 days remaining in the statutory period. The District Judge should have granted 309 days of tolling for the period that Mr. Samad was pursuing one full round of State court exhaustion. Instead, the District Judge only granted 50 days of statutory tolling for the periods during which Mr. Samad's second Superior Court petition, I apologize, and his fourth petition were actually pending. Can I back off of the math and just ask you a, what to me seems to be like a fundamental question, and that is, if the second petition were not properly filed, it really doesn't matter and nothing else matters. And it would seem to me under Pace that it wasn't. So can you respond to that? Sure, Your Honor. For clarification, is the second petition, the second Superior Court petition, the Court's referring to the one that Mr. Samad filed with the Superior Court after his conviction and then didn't receive a response to? That petition, I submit, Your Honor, was properly filed. The Superior Court said it wasn't. The Superior Court actually ruled on the petition and issued a mixed ruling. Their ruling was, first of all, they said that we believe this petition is successive and was untimely. Then they considered the petition's merits and found that he hadn't, Mr. Samad stated, a prima facie case for relief. Well, sure, he saved himself some work. But the real holding is it's untimely. They're saying alternatively, sure, if we have to get to the merits, well, it doesn't go anywhere either. Your Honor, I believe that under the authorities, with respect to whether that's a procedural default, that the Superior Court's consideration of the merits. It's not procedural default. Properly filed. Our case law says if a petition is not properly filed, it does not trigger the statutory tolling. So it's not procedural default. It's whether or not it was properly filed. Understood, Your Honor. And I think Mr. Samad's mistake was in filing his initial petition with the Superior Court before his conviction was filed. That doesn't matter. It doesn't apply. The first petition has nothing to do with the statutory tolling analysis. Understood. Because it was filed and denied before the statute of limitations even began to run. So that's out of the analysis. And that's my point, too, Your Honor, which is that Mr. Samad was entitled to file a state court petition. He just filed the first one too early. So the ruling by the Superior Court that the second one was successive, I would say that's a mistake because he was entitled to file a petition after his conviction was filed. Well, but aren't we bound by the state court's interpretation of its own requirements and rules? If the state court says under our rules, this was successive, we can't go behind that ruling and say, no, it wasn't successive. Can we? I believe that this court can consider whether or not the state court, and, again, I'm referring to procedural default doctrine, which discusses these same issues. This court can look at whether the state court properly applied its own procedural rules. The court can do that. What case authority from the Ninth Circuit says that we can look behind the state court's interpretation of its own law to determine if a petition is properly filed? Your Honor, I can submit a letter brief to this court with citations to cases that talk about whether or not this court can look to whether a state court properly applied its own rules. I'm not talking about procedural default. I'm not talking about procedural default. Okay. Those are the cases I'm talking about, Your Honor. And I think this the United States Supreme Court's rulings in Evans and in Saffold, there is discussion about the interplay between procedural default doctrine and what we're talking about here, which is whether or not a petition is properly filed when it's filed in a state court. Is Pace the pacing item? Your Honor, Pace discusses the proper filing issue in a different context. And I think here what the court is focusing on is an issue that wasn't discussed in the findings and recommendations by the district court. In a sense, the district court found that the petition that we're talking about now, the second superior court petition, was properly filed because it was. But that's an issue of law that we reviewed de novo. And so if the magistrate judge got it wrong, we're entitled to correct that. Your Honor, I understand the court's point, but below there were no objections to that ruling filed by the Respondent, and there was no appeal of that ruling. So I would submit that it's not appropriate at this point to litigate that issue for the first time. It was found by an erroneous ruling in a court below. Understood, Your Honor. I do think, though, that given that Respondent did not object to it, that Petitioner hasn't been given an appropriate opportunity to brief that issue or to brief. When you research the law, you're given the opportunity to find what the applicable law is. Understood, Your Honor. However, given that the findings and conclusions of the district judge below granted Mr. Samad tolling for that same petition, it wasn't an issue in the Certificate of Appealability that was issued by this court. So because of that ---- The Certificate of Appealability said whether or not he's entitled to statutory tolling. So that opens up all of the issues of law that surround a determination of statutory tolling. And this is a pivotal issue in the statutory tolling rubric. Understood, Your Honor. My interpretation of the Certificate of Appealability was that the intervals between the third and fourth petition were the source of the issue that was brought before this court. Because the district judge granted tolling ---- Excuse me. What about the untimeliness of the second petition? Your Honor, it is not at all clear from the ruling on the second petition exactly what it was that the superior court used as its precise grounds for the denial of each of Mr. Samad's claims. I would submit that because the ruling was mixed, because it mentioned successiveness, because it mentioned timeliness, and because it also referred to the merits of each of Mr. Samad's claims, that it's not clear which of those bars that the court was applying to. That's a procedural default issue. That's not a statutory tolling issue. That's not a statutory tolling argument. Understood, Your Honor. But I don't think that the court should deem the entire petition untimely if certain of the claims were timely filed, and that has to do with when ---- Did the court say that the petition was untimely? The court says in the paragraph that I think this Court is focusing on generically that it believes the petition was untimely and that Mr. Samad ---- that it was successive. But there are certain claims within the petition that one could say Mr. Samad perhaps could have argued ---- But if the court says that the petition is untimely, that means the whole petition does not? I believe that the court could interpret the ruling that way. The ruling is not extraordinarily clear. And in looking at the authorities, again, the ones that I am most familiar with have to do with procedural defaults because that's where we litigate these issues. There is discussion of these kinds of mixed rulings and the fact that if the superior court in the State system goes ahead and considers the merits of the claims, even though it finds that procedural bars could apply, that that eviscerates the procedural default. And here the court went ahead and considered whether or not Mr. Samad had made a prima facie case. In the district court, it was not litigated whether or not that first or the second superior court petition was untimely. The Respondent conceded it. The district court expressly found that it was a timely filed petition. And so I would submit that here the issue regarding the intervals between the two subsequent petitions is at least relevant to this Court's consideration of whether or not Mr. Samad's petition was timely filed. Counsel, the concession to which you're referring by the State, wasn't that made before Pace was decided? Your Honor, I think that whether or not Pace had been decided at that time, the government conceded that Mr. Samad's petition was timely with the same order before it that it would have had afterwards. And the time of the court. Pace clarified, though, that a petition is not properly filed if it's dismissed as untimely in State court. And so the concession was based on the state of the law that was not clarified at that point. And so are there any other questions? Understood, Your Honor. I mean, I don't know what the government was thinking about when they made the determination and they made that concession, but they did and they didn't object to it when the district judge found that that was a timely petition and that it was properly filed and that Mr. Samad was entitled to tolling for the period that petition was pending. This area of the law has been in a state of flux for quite a while, so. It has, Your Honor. It's not been a model of clarity. And I do think it's important to note that Mr. Samad's petition, that his reason for not pursuing the claims more quickly between the filing of the third and fourth petitions is something, is the rationale is mentioned in the Evans decision in dicta where the court says that if a petitioner was not notified, as Saffold had, that his petition had been denied, that that might be a grounds for a finding of excusable neglect. If you look at this Court's decision after the Saffold remand, unfortunately they don't directly address that question. At that time, the Court was still finding that so-called postcard denials were sufficient for a finding of timeliness. And so they don't address that precise issue, but it is interesting at least that the United States Supreme Court pointed to the same kind of factual issue that Mr. Samad presents here, that is that he didn't find out what the ruling was, and so he didn't know that he could proceed to the next level. I would like to reserve the remainder of my time. Thank you. No appointment. You're in a deficit position. Oh, I'm sorry. I think that's primarily due to us, so bear that in mind. Mr. Riley. Thank you, Your Honors. Good morning. May it please the Court. Justin Riley on behalf of the Warden. There are three basic time periods that the appellant needs to make his needs to make  First, we need to make a motion to qualify for tolling to have his Federal petition be timely. Your Honors have identified the first one that we did not bring up to the district court. As Judge Rawlinson aptly noted, we made our motion pre-pace before Chavez, and we didn't have those cases to rely on. We're actually relying on Ninth Circuit precedent. Could you speak up a little bit? Yes. I apologize. The Warden was relying on Ninth Circuit precedent to make that motion, and we did assume that various petitions and various gaps between petitions were timely to make our timeliness determination. The intervening cases, though, do show that, as Your Honors pointed out, the second petition was untimely. And as the Supreme Court noted in pace, that's the end of the matter. The gap between the second and third petitions also was not told because the third petition was not — did not pertain to the pertinent judgment within the meaning of 2244. I find that kind of troubling because he hadn't gotten any kind of response to the second petition. So it seems like it's still in the chain of being determined. Absolutely, Your Honor. But I believe Telema v. Long instructs us that you must attack the pertinent judgment. You must attack the conviction, and he did not with his third petition. I think I wrote that opinion, too. And I don't think that's exactly what it says. I'm sorry. Telema v. Long? Yes. Did I write that? I believe it was Judge Reinhardt. Oh, that was yours. I'm sorry. No, I didn't write it either. I don't think you ought to take credit for it. Judge Reinhardt, I think you did. Oh, no. I thought I was on that case. Maybe I was on a case as a district court judge. I have some — That's true. That's true. Right. I remember that case, yeah. And I would have affirmed you. I believe you did dissent in that case as well. I believe your dissent in that case, Judge Reinhardt, brought up at least implicitly the slippery slope of allowing 2244 to apply to anything that attacks the conviction. And in the Fifth Circuit, in Moore v. Cain, which we cited in our brief, it identifies a way to read Telema v. Long consistently with what we're asking the Court to do here. The reliefs — the Fifth Circuit — Well, let me ask one question. Sure. If there has been no response to the second petition, how could he in a third petition do anything other than try to get a response? So it would seem to me that the fact there had been no response received would be pretty much in line with trying to get a determination of the actual decision in the case. That's a good question, Your Honor. I believe the — that is answered by — excuse me — the California Rules of Court, Rule No. 4.551. And it's a rule that the appellant cited 11 times in the third petition. Now, this rule provides for getting a ruling from a court that presumably did not rule on a petition. This rule — You say presumably, huh? In this case, there's an argument that he didn't receive the ruling, but it is clear that the superior court did send out the ruling. Yeah. Yes. So that's why I use the word presumably. So this rule, Rule 4.551 — It's also shown it wasn't received at the prison, though, too, wasn't it? That's — the mail logs do not reflect that he received anything around that time. Yes, that's true. This rule does set out the procedure for forcing a court to rule or requesting the court to rule. What it sets out is that within 60 days, if you haven't heard from the superior court, you can send in a request for ruling to that court. And I would assume that that would toll the statute of limitations. But what he did is he went on to the next court. Do you have to do that, send her in within 60 days to preserve your rights? No. I believe what the rule calls for is that the State superior court must within 60 days rule on the petition. Yeah. If the State superior court has not ruled on the petition within 60 days, then this rule allows a petitioner to send in to that court. Allows.  It doesn't mandate, no. Yeah. Allows to send in to that court. But the appellant was well aware of this procedure, having cited it 11 times in his third position. So what? That doesn't mean he has to avail himself of it to preserve his rights. No. I agree with you, but — but — There's a certain disinclination to tweak the court to try to get a favorable ruling from, because, sure, the ruling is, we're sorry, we didn't approve it, you lose. You want an answer? Here's your answer. I believe what his mistake was is that he went on to the next appellate level. And basically what he filed is a writ of mandate. I am aware of what he entitled the petition, but what he was doing is he was filing in the next appellate — at the next appellate level, he was filing a writ of mandate. He was asking the appellate court to force the superior court to do something. Now, the Fifth Circuit — Why would that matter in terms of statutory tolling? If you have one complete round anyways, why would that matter? Because the period between — the gap tolling, which is what I'm focusing on, the gap, the period between the — I believe it was the second petition and the third petition would only be told if he filed a — properly filed a petition at the next appellate level that pertained to the judgment or attacked the conviction under Telema v. Long. So I — what I'm trying to point out is that this third petition did not attack the conviction. It did not pertain to the judgment. It pertained to the judgment because he's trying to get a ruling on the judgment. Why wouldn't that pertain to the judgment? It pertains to the judgment in that he wants to be let out of prison, but I suspect that's what most petitioners want. No, it pertains to the judgment because he's trying to get a resolution of the petition he's filed. I think that's a very apt comment, and that's the direction I'm trying to go with this Fifth Circuit case. And the Fifth Circuit recognized that a petition for writ of mandate, which is basically the same thing that the petitioner filed in his third petition in that case, they recognized that, yes, the petitioner did want to overturn the conviction. He did want relief. He did want to be let out of prison. But the Fifth Circuit specifically looked to the relief sought. What was the relief sought? The relief sought here and in the Fifth Circuit case was that the petitioner wanted to force the lower court into some sort of action. Next, the Fifth Circuit looked to whether or not the facts of the conviction, any of the claims, were relevant to deciding the petition. Now, this third petition could have been decided and probably was decided without any reference to the conviction, the facts of the judgment, or any of the claims. That's not our law. The Fifth Circuit law is not our law. I agree with you. But what do you do with Nino v. Galazza where we say the statute of limitations is told for all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application? That's very broad in terms of what's included within a particular round of review. I do believe it's very broad. And Telema v. Long doesn't narrow that very much at all. And that's why I'm asking this court because I believe this Fifth Circuit case can be read consistently with Telema v. Long and Nino v. Galazza. I believe that some sort of, as Judge Reimer noted in her dissent to Telema v. Long, there is this possibility for a slippery slope of anything that attacks the conviction that qualifies under 2244D. I don't think this is your quality of argument. No, no. I don't think it is either. Do you wish you had stuck with the second petition? Do you wish that you had stuck in your argument with the second petition? I believe Your Honor, I covered that better than I probably could have. I was going to hit the other gap. And the third, as Your Honor brought up, Nino v. Galazza, applies to the gap between the third and fourth petitions. The appellant was not ascending the State court hierarchy as required in Saffold and then again in Evans v. Chavez. What the courts, what the court there in those cases were doing was to compare California's appellate procedure to other States and envisioned this gap tolling only for going from one court to the next appellate level. As for the Chavez, I believe I'm over time. If there are any questions. As your opposing counsel went over. So if you can go over just a bit and then we'll give her a chance to say a couple of words. I was just going to touch on the Evans v. Chavez arguments. I believe that the 121-day delay and then again the 117-day delay between the second and third and third and fourth petitions respectively were unreasonable and especially the gap between the third and fourth petition was not justified to the State court. It was necessarily denied as untimely according to California law and Evans v. Chavez. Unless there are any other questions, I'm prepared to submit it. Okay. Thank you. Thank you. Counsel, three words. Thank you, Your Honor. I appreciate that very much. First, as to the timing of the second petition, I just want to note that petitioner's judgment was final on September 10th, 2002, and that he filed that second petition only 50 days later, which under the discussion that we have in our Supreme Court cases seems to fall in that 30 to 60-day period. Secondly, the section that counsel has referred to, 4.551 of the California Court Rules, was different at the time that Mr. Samad was litigating his petition. At that time, between 2001-2003, it provided that an order to show cause automatically issued if the State court failed to issue a ruling or take some action on the petition. And finally, at our excerpt of record at page 69, Mr. Samad states the efforts that he did make to do what counsel talks about, which is he did contact the trial court a couple of times, and he did ask for a ruling on his petition. So he – I would submit he showed due diligence under Lamarck and the other cases. Okay. Thank you very much. Thank you. The matter just argued will be submitted. And we'll finally hear argument in the United States v. Jordan.
judges: Hug, Rymer, Rawlinson